**ELECTRONICALLY FILED**
Van Buren County Circuit Court
Debbie Gray, Circuit Clerk
2019-Apr-12  11:49:31
71CV-19-50
C20D01 : 6 Pages

## IN THE CIRCUIT COURT OF VAN BUREN COUNTY, ARKANSAS
### CIVIL DIVISION

**CHARLENE STAFFORD, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF MICHAEL WARD, DECEASED**                    **PLAINTIFF**

**VS.**                    **CV**

**DAVID KNOTT and NEW PRIME, INC**                    **DEFENDANTS**

### COMPLAINT

COMES NOW the Plaintiff, Charlene Stafford, As Special Administrator of The Estate of Michael Ward, Deceased, by and through her attorney, Glenn Mathis, with the Law Offices of Alan LeVar and for her cause of action against the Defendants, alleges and states:

### PARTIES AND JURISDICTION

1.    At all times relevant to this cause of action, Plaintiff resided in Van Buren County, Arkansas.

2.    At all times relevant to this action, Defendant, David Knott ("Knott"), resided in Pollock, Grant Parish, Louisiana.

3.   At all times relevant to this action, Defendant, New Prime, Inc. ("New Prime"), was a for profit corporation registered to and doing business in the State of Arkansas.

4.    The automobile collision hereinafter described occurred in Van Buren County, Arkansas, on January 6, 2017, at approximately 8:10 a.m..

5.    This Court has jurisdiction of the parties and the subject matter herein, and this Court is the proper venue for this cause of action.

Page 1 of 6/ Complaint/ *Stafford v. Knott and New Prime, Inc.*



## FACTS

6.  Plaintiff incorporates paragraphs 1 through 5 herein by reference.

7.  On or about the 6th day of January, 2017, Michael Shane Ward was a passenger in Amanda McKinnon's vehicle. McKinnon was traveling northbound on US 65 in Van Buren County, Arkansas.

8.  On or about the same time, Knott was operating a New Prime freightliner and was traveling southbound on US 65 in Van Buren County, Arkansas.

9.  A collision occurred when Knott failed to pay attention and recklessly collided with Mckinnon's vehicle.

10. Michael Shane Ward was taken to the hospital in critical condition where he was then pronounced dead.

## COUNT I- NEGLIGENCE

11.   Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12.   Plaintiff alleges negligence of Defendant, Knott, in the following respects:

A.  Defendant failed to keep a proper lookout on the roadway;

B.  Defendant failed to keep his vehicle under reasonable control;

C.  Defendant failed to make proper use of the instrumentalities in his control so as to avoid an accident when he so or in exercise of ordinary care should have seen McKinnon's vehicle; and

D.  Defendant failed to bring his vehicle under reasonable control or to change or divert its course when he saw, or in exercise of ordinary care should have seen that an accident was about to occur.

13.    The negligence of said defendant as more particularly described above, was the direct and proximate cause of the injuries, economic loss, harm, and death of Michael Ward.

14.    At all relevant times, Knott, was acting within the course and scope of his employment with New Prime.

15.    The negligence of Knott is imputed to New Prime under the doctrine of *respondeat superior.*

## COUNT II- NEGLIGENT ENTRUSTMENT

16.    Plaintiff incorporates paragraphs 1 through 15 herein by reference.

17.    The injuries, harm, and damages were incurred by Ward as a result of the use of the vehicle by Knott in a negligent and reckless manner, which because of inexperience, and prior actions, Defendant New Prime knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving the New Prime vehicle.

18.    Defendant New Prime, as the employer of Knott, had the right to permit and the power to prohibit the use of the New Prime's vehicle by Knott.

19.    Defendant New Prime knew, or had reason to know, that Knott, because of his inexperience, and/or prior actions, was likely to drive the New Prime vehicle in a negligent and reckless manner.

20.    As a direct result of Defendant New Prime negligently entrusting Knott, who operated said vehicle owned by Defendant New Prime in a negligent and reckless manner, Ward suffered fatal injuries, damages, and harm previously enumerated in this Complaint.

## COUNT III- NEGLIGENT HIRING AND RETENTION

21.    Plaintiff incorporates paragraphs 1 through 20 herein by reference.

22.    Defendant New Prime had a duty to use reasonable care to select an employee who

was competent and fit to perform the duties required as an employee.  Defendant New Prime

owed such duty to Plaintiff and such duty was breached.

23. Defendant New Prime knew, or should have known, that Knott would be likely to

operate a freightliner in a negligent and reckless manner.

24. Defendant New Prime knew, or should have known, that Knott was not competent or

fit for the duties required of him as an employee.

25. Defendant New Prime breached its duty to use reasonable care to select and retain an

employee that was competent and fit for the position.

26. As a result of Defendant New Prime's negligence in hiring and retaining Knott, Ward

was fatally injured as alleged.

## COUNT IV-NEGLIGENT SUPERVISION

27.  Plaintiff incorporates paragraphs 1 through 26 herein by reference.

28. The actions of Knott that are imputed to Defendant New Prime, show violations of the

rules of the road and makes Defendant New Prime liable for negligent supervision of Knott.

Defendant New Prime knew, or should have known, that its failure to research and screen Knott

would result in injury to the public.

29. Defendant New Prime failed to perform its duty of diligence in the supervision of

Knott, resulting in Ward's death.

## COUNT V-NEGLIGENT TRAINING

30.  Plaintiff incorporates paragraphs 1 through 29 herein by reference.

31. The actions of Knott imputed to Defendant New Prime show violations of the rules of

the road and make Defendant New Prime liable for negligent training of Knott.  Defendant New

Prime knew, or should have known, that its failure to train and supervise Knott would result in

injury to the public.

32. Defendant New Prime failed to perform its duty of diligence in the training of Knott, resulting in Ward's death.

### COUNT VI- SURVIVAL DAMAGES AS TO ALL DEFENDANTS

33. As a result of Defendants' negligence, a survival claim on behalf of Decedent's estate exists pursuant to Ark. Code Ann. § 16-62-101.

34. As a result of Defendants' negligence, Decedent suffered pain, mental anguish, and ultimately death.

### COUNT VII- WRONGFUL DEATH AS TO ALL DEFENDANTS

35. Plaintiff hereby incorporates paragraphs 1 through 34 herein by reference.

36. As a result of Defendants' negligent acts and/or omissions, Plaintiffs allege claims for wrongful death, pursuant to Ark. Code Ann. § 16-62-102

### JURY DEMAND

37. Plaintiff hereby incorporates paragraphs 1 through 36 herein by reference.

38. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

**WHEREFORE**, Plaintiff, Charlene Stafford, as Administrator of the Estate of Michael Shane Ward, Deceased, respectfully prays that the Estate of Michael Shane Ward have judgment against the Defendants, for all of the elements of damages set forth herein for the relief sought herein, for his costs, and for any and all other just and proper relief to which she may be entitled. Plaintiff reserves the right to plead and amend further herein.

Respectfully submitted,

Law Offices of Alan LeVar
702 Caddo Street
Arkadelphia, AR  71923
Tel: (870) 246-7070
Fax: (870)345-4579
E-mail: glenn@levarlaw.com

By:    /s/ Glenn Mathis
       Glenn Mathis, Bar No. 2015122